Casey, C. J.,
dissenting:
I am unable to give my assent to the conclusions arrived at by the majority of the court in this case.' The. act passed for the relief of the claimant on the 3d of March, 1857, in my opinion, was not a submission of the case to a referee so as to give to the award of the Postmaster General any binding or conclusive effect.
Congress, in the law, defines and prescribes the exact measure and kind of relief to which the claimant shall be entitled. It determines the principles upon which it shall be based, and the evidence by which the amount shall be ascertained. Nothing is left to the judgment and discretion of the Postmaster General. His duties in the premises are neither judicial nor quasi judicial. They are simply those of an executive, accounting, and disbursing agent or official carrying into execution the will of Congress, definitely and specifically expressed. A submission to arbitration necessarily implies the duty to hear tbe case, and the right to decide it according to the opinion and judgment of the referee. But here that element of the case is wanting. Where it is referred to a party to make the calculations and fix the amount upon a designated basis, or according to a prescribed standard, the case is wholly divested of all semblance of submission and award. In the case of Kelly v. Crawford, (5 Wall., p. 790,) the Supreme Court of the *151 United States say : “Nor was anything to be submitted to the judgment or discretion of Quigg. The books of accounts of the defendants were to determine the amount due. About these there was no controversy. The only duty of Quigg was to examine them as an accountant and to state what they exhibited.” So far as the allowances to be made under the first and third sections is concerned this doctrine, in my opinion, and with great deference to my brethren, clearly applies. As to the assessment of damages provided for in the second section of the act, the allowance may be conclusive. For, in determining the amount of these damages, the Postmaster General is to exercise his power of judging and deciding, and not only that of computing by a prescribed rule and fixed data. As to that part the report is probably conclusive. But nothing is claimed in respect of that section, or in the shape of damages. As to the allowances under the first and third sections, they are mere matters of calculation that were directed to be made in a particular manner and upon data given in the act itself. The claimant was entitled to have this computation made in this way and upon these principles. If the Postmaster General refuses to execute the law or mistakes its provisions, does that deprive the claimant of his right? Olearly not, because there was no agreement, either express or implied, that such mistake should be waived or the claimant’s rights be thereby concluded.
The remaining inquiry is whether we have jurisdiction. This is dependent, as I think, entirely on the solution of the other question. If the reference to the Postmaster General was not in the nature of an arbitrament, and his report does not partake of the character of an award, then it is not conclusive of the rights of either the claimant or the United States. And if the claimant has not received what he was fairly entitled to under.the law, that right still remains. He still holds a claim against the United States for it. That claim is founded upon an act of Congress, and, therefore, comes within both the letter and spirit of the act of 1855 and 1863, conferring jurisdiction upon this court.
In my opinion the Postmaster General erred in giving a construction to this law. In computing the allowance for the increased distance and service mentioned in the first section, it was manifestly intended that the computation should be made upon the basis of the increased compensation allowed by the third section, in lieu of that stipulated in the original contracts.
■ In rejecting this view of the case I think an error was committed against the claimant. There was nothing in the proceedings which *152 made tbem final or wbich barred or extinguished bis right. Accruing as a right and claim against the United States, under an act of Congress, it comes within the express terms and meaning of the acts conferring our jurisdiction, we should now adjudge him what was denied through the mistake of the officer intrusted with the execution of the expressed will and purpose of Congress.